AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR - 4 2025

MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 25MR397
)
Apple iPhone XR (Subject Telephone)  )
)
)

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

an Apple iPhone XR, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of _____New Mexico_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☑ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113 | Bank Robbery |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

  ☑ Continued on the attached sheet.
  ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Lilly Aldana, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__electronic submission and telephonic swearing__  *(specify reliable electronic means)*.

Date: 4 March 2025

*Judge's signature*

City and state: Las Cruces, New Mexico            Damian L. Martinez, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device (referred to in **Attachment B** and **Attachment C** as the "Subject Telephone") to include any SIM cards found in or with the Subject Telephone. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone

The Subject Telephone is a black and white Apple iPhone XR cellular telephone, with an assigned call number of (575) 339-4158, which was seized from Tomas Julian Aguilera on February 21, 2025, in Las Cruces, New Mexico. The Subject Telephone is currently in the custody of the Federal Bureau of Investigation located in Las Cruces, New Mexico, and is depicted in the photographs below:



1

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the Subject Telephone described in **Attachment A** that are related to violations of 18 U.S.C. § 2113 (Bank Robbery) by Daniel Guereca and others, including:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of co-conspirators and other associates of the user of the Subject Telephone;

2. Audio and video calls made to or from the Subject Telephone, along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, the Subject Telephone, along with the date and time each such communication occurred;

4. The content of voice mail messages stored on the Subject Telephone, along with the date and time each such communication occurred;

5. Photographs or video recordings, along with the date and time each such photograph or video recording was created;

6. Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephone;

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of the Subject Telephone and stored on the Subject Telephone;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned the Subject Telephone, such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government

personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT C
## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Lilly Aldana, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

### AGENT BACKGROUND

2.  I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since January 2024. I have gained experience through training and everyday work relating to conducting these types of investigations. Prior to becoming a Special Agent of the FBI, I earned a Bachelor's degree in Criminal Justice and Master's degree in Criminal Justice. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned to the Albuquerque Field Office, Las Cruces Resident Agency, New Mexico. Prior to my current position, I was employed for three years as a Federal Probation Officer with the United States Probation Office, Western District of Texas. I am currently assigned to investigate violations of federal law, including bank robberies.

3.  I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the investigation, and review of reports written by other agents and other evidence and materials concerning the investigation

4.      The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation, and information provided to me by other law enforcement officials. Unless otherwise indicated, where I have referred to written or oral statements, I have summarized them in substance and in part, rather than verbatim. Not all the facts of the investigation known to me are contained herein, only those necessary to establish probable cause to search the below-listed item pertaining to the captioned investigation. As will be shown below, there is probable cause to believe that evidence of a violation of 18 U.S.C. § 2113 (Bank Robbery) will be found on the item listed in Attachment A, which belongs to Tomas Julian Aguilera and which is in the custody of the FBI.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5.      The property to be searched is a black and white Apple iPhone XR cellular telephone, with an assigned call number of (575) 339-4158, and any SIM card or other storage media contained therein (hereinafter the "Subject Telephone"). The Subject Telephone was seized from Tomas Julian Aguilera on February 21, 2025, in Las Cruces, New Mexico. The Subject Telephone is currently located at the Federal Bureau of Investigation office, located in Las Cruces, New Mexico. In my training and experience, I know that the Subject Telephone has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Subject Telephone first came into the possession of the FBI.

6.      The applied-for warrant would authorize the forensic examination of the Subject Telephone for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search the Subject Telephone for evidence of violations of 18 U.S.C. § 2113.

8. The request to search the Subject Telephone is based on the following:

**Los Lunas Bank Robbery (February 12, 2025)**

9. On February 12, 2025, a bank robbery occurred at the US Bank at 2421 Main St. SE, Los Lunas, New Mexico, at approximately 5:00 p.m. The suspect was wearing a black hoodie and a white mask. The suspect entered the bank and passed a demand note to the teller, then verbally demanded more money, taking a total of at least $6,000. The bank robber was seen on video footage, driving a light blue Honda CR-V with heavily tinted windows and no license plates.



*(Photos from US Bank Robbery in Los Lunas, NM, on Feb. 12, 2025)*

**Las Cruces Bank Robbery (February 20, 2025)**

10. On Thursday, February 20, 2025, at approximately 4:51 p.m., video footage shows two individuals walking near the Pecos Valley Production Dispensary at 2460 South Locust Street, Las Cruces, New Mexico. One of the individuals is wearing a green hat; a white mask; a black

3

hoodie (with the hood covering much of his head and neck); a black zip-up Adidas jacket worn over the hoodie; and dark pants. He is also carrying a piece of paper in his left hand, which is bare. The second individual is seen with a hood over his head, a black jacket, a white mask, and bright colored gloves. The individuals were seen driving off in what appeared to be the same light blue Honda CR-V that was seen at the Los Lunas bank robbery on February 12, 2025.



*(Photos of Individuals Near Pecos Valley Production Dispensary, on Feb. 20, 2025, at approx. 4:51 p.m.)*

11. About nine minutes later, at exactly 5:00 p.m. on February 20, 2025, a branch banker at PNC Bank at 3800 East Lohman Avenue, Las Cruces, New Mexico, answered a phone call to this PNC Bank's main line. Per the bank's standard business practice, the call was recorded. The caller had a male voice and asked, "I wanted to see if you guys are still open or if it's just the drive-through?" The banker responded that the bank was still open and would remain open until 6:00 p.m. that evening. The banker instantly found the question—essentially trying to figure out if the bank's *lobby* was open—to be suspicious. The banker has worked at this bank for over ten years and knows all of the bank's clients—and knows that all of the clients are familiar with the bank's hours. (The banker reported that the last time she received a call asking if the bank, and particularly its lobby, was open was about six years ago—and shortly after that call was made, someone entered the bank and attempted to cash a false check.)

12. At 5:21 p.m. on February 20, 2025, approximately 21 minutes after this suspicious phone call, a female entered the PNC Bank (which is located about 3.5 miles or a 10-minute drive from the Pecos Valley Production Dispensary). The female looked around the bank, grabbed a bank slip and a pen, and appeared to briefly write on the slip. The female, however, never approached the bank counter or conducted any transaction. Instead, she simply left the bank—only about 26 seconds after she entered the bank. The banker attempted to follow the female out of the bank, but by the time the banker arrived at the door, the female was already gone.

13. At 5:26 p.m. on February 20, 2025—approximately 5 minutes after the female left the bank—a male subject entered the PNC Bank. The subject appeared to be wearing the same green hat, white mask, black hoodie, Adidas jacket, and dark pants that were observed approximately 35 minutes earlier at the dispensary. As he entered the bank, the subject was still carrying a piece of paper in his left bare hand, but he was now wearing black (or at least dark-colored) sunglasses. Immediately upon entering the bank, he walked directly to the teller and gave the teller the piece of paper in his left hand, which stated:

> THIS IS A ROBERY [sic]! I NEED $20,000 IN BIG BILLS! NO TRACKERS OR DIE PACKS! I AM ARMED! PLEASE COMPLY SO YOU AND YOU COWORKERS GET HOME SAFELY!

14. In response, the teller took the cash out of the register, stacked it up on the counter, and informed the subject that there was no more money. The subject then took the cash (approximately $3,313.00), placed it in his pockets, and then left the bank on foot at 5:27 p.m. (about 40 seconds after he entered the bank). Video footage from the bank at approximately 5:28 p.m. (about 40 seconds after the subject left the bank) appears to show the same light blue Honda CR-V that was seen at both the Los Lunas bank robbery and the dispensary.



*(Photos from PNC Bank Robbery in Las Cruces, NM, on Feb. 20, 2025)*

15. Because the subject left the note at the PNC Bank, that note was taken into evidence so that it could be tested for fingerprints. On February 25, 2025, results of the fingerprint test on this note showed a positive match for Daniel Guereca.

16. Daniel Guereca is 28 years old and approximately 6'00" and 185 lbs., and the videos from the Los Lunas bank robbery on February 12, 2025, and the Las Cruces bank robbery on February 20, 2025, both appear to depict an individual with this same height and build.

### Arrest of Tomas Julian Aguilera (February 21, 2025)

17. On January 30, 2025, a state magistrate judge, the Honorable Judge Bryan Gelecki, issued an arrest warrant (in case no. 24-0-295) for Thomas Julian Aguilar's possession of controlled substances (methamphetamine and fentanyl) and his unlawful possession of a firearm as a convicted felon.

18. On February 21, 2025—the day after the PNC Bank robbery in Las Cruces—FBI Southern New Mexico Safe Streets Gang Task Force (SSGTF) Officers and Las Cruces/Dona Ana County Metro Narcotics agents observed Aguilera outside of his Black Chevrolet Impala, which was parked at one of the gas pumps at the Circle K gas station on 617 West Picacho Avenue, Las Cruces, New Mexico. The agents knew that Aguilera was wanted for the January 30, 2025, warrant and approached the gas station in order to arrest him.

19. As they approached, the agents observed that the trunk of Aguilera's vehicle was completely open and that he was talking to another individual (who later stated that he was helping Aguilera jump start his car). Aguilera was taken into custody without incident. During the arrest, agents observed the buttstock of a rifle in his open trunk (with the remaining portion of the rifle appearing to be covered by a jacket). The agents also observed drug paraphernalia inside the vehicle.

20. A Third Judicial District Court search warrant was telephonically approved by the Honorable Judge Conrad Perea at 3:19 p.m. on February 21, 2025. At approximately 4:00 p.m. on February 21, 2025, the vehicle was searched at the Las Cruces Police Department pursuant to this search warrant, and Agents located 1.5 grams of methamphetamine in the driver side door panel, 61 grams of suspected fentanyl in the glove box, and a Savage Arms Axis hunting rifle chambered in 243 Winchester, with serial number J754448, in the trunk. (Aguilera is a convicted felon who is prohibited from owning firearms. He has now been charged in federal court with two counts of being a felon in possession of a firearm. See 25mj309-DLM.)

21. At the time of his arrest on February 21, 2025, Aguilera was in possession of the black and white Apple iPhone XR cellular telephone, with an assigned call number of (575) 339-4158 ("Subject Telephone"). The Subject Telephone, along with other items, was seized by local law enforcement incident to Aguilera's arrest. On February 21, 2025, FBI Agents took possession of Aguilera and the seized items, including the Subject Telephone, which was later placed into FBI evidence.

22. Aguilera waived his Miranda rights and consented to speak with FBI agents. He also gave consent for FBI Agent, Lilly Aldana, to see his phone while he was being interviewed on February 21, 2025. During the search of a text message, pictures of a light blue Honda CR-V

with no license plate and heavily tinted windows were found on the Subject Telephone—and this appeared to be the same light blue Honda CR-V that was seen at the Los Lunas bank robbery, the dispensary, and the Las Cruces bank robbery. Aguilera claimed that he received the pictures of this Honda CR-V from someone else. He also claimed that this individual had asked him to "get rid of" the car by taking it to Mexico. Aguilar also stated that "that's what he does"—representing that he often "gets rid of" things for people by taking such items to Mexico and without asking any questions. He stated that he tried to take the CR-V to Mexico sometime around February 14, 2025, but that the individual in Mexico who was going to purchase the car decided not to buy it. As a result, the car was never transported to Mexico.

23. Shortly after the Las Cruces bank robbery, the light blue Honda CR-V was found abandoned in a parking lot that was just down the road from the bank. (The car was later determined to be stolen.)

24. Based on my training, experience, and research, I know that devices, such as the Subject Telephone, possess capabilities that allow them to serve as a wireless telephone, digital camera, and GPS navigation device. Additionally, the Subject Telephone has both web browsing and Wi-Fi capabilities. In my training and experience, examining data, including location data, stored on devices of this type can uncover evidence that may reveal or suggest, among other things, who possessed or used the device, when the individual used the device, where they were when they used the device, who sent pictures of the light blue Honda CR-V to this device, when such pictures were sent, and who was trying to get rid of this vehicle and why.

25. Based upon the information contained in this Affidavit, there is probable cause to believe that the Subject Telephone contains evidence of violations of 18 U.S.C. § 2113 (Bank Robbery).

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

26. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

27. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Telephone was used, the purpose of its use, who used the Subject Telephone, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Telephone because:

   a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of

knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

28. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

29. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

30. Based on the above information, there is probable cause to believe that evidence of violations of 18 U.S.C. § 2113 (Bank Robbery) is located in the Subject Telephone. Therefore, I respectfully request that this Court issue a search warrant for the Subject Telephone, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

31. Assistant United States Attorney Grant Gardner reviewed and approved this search warrant application.

32. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

This affidavit was reviewed by AUSA Grant Gardner.

Respectfully submitted,

_____
Lilly Aldana
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on __4 March__, 2025.

_____
Honorable Damian L. Martinez
UNITED STATES MAGISTRATE JUDGE

11